**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS JERONIMO-CARRILLO,

Defendant-Appellant.

No.    15-50030

D.C. No. 3:14-cr-02536-LAB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 27, 2016**

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Jesus Jeronimo-Carrillo appeals from the district court's judgment and

challenges the 68-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Jeronimo-Carrillo argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). After Jeronimo-Carrillo was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because we cannot determine from the record whether the district court followed the guidance of the Amendment's clarifying language and considered all of the now-relevant factors, we vacate Jeronimo-Carrillo's sentence

and remand for resentencing under the Amendment.  *See Quintero-Leyva*, 823 F.3d at 523-24.

In light of this disposition, we do not reach Jeronimo-Carrillo's other sentencing argument.

**VACATED and REMANDED for resentencing.**